UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| SUE ANN ELLIS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:14-CV-140-PLR-CCS |
|  | ) |  |
| MORGAN COUNTY SHERIFF'S DEPT., *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Stay Imposition of Scheduling Order [Doc. 16], which was filed by the Defendants on May 2, 2014. In the Motion to Stay, the Defendants move the Court to stay imposition of the deadlines contained in the Scheduling Order because the Defendants have filed a Motion to Dismiss. In the Motion to Dismiss, Defendants argue that the Plaintiff has not demonstrated that she exhausted her administrative remedies prior to filing her suit. Defendants maintain that Plaintiff's suit must be dismissed for lack of jurisdiction based upon her failure to exhaust these remedies.

The Motion to Stay was filed on May 2, 2014. The Plaintiff has not responded in opposition to the Motion to Stay, and the time for doing so has expired. See E.D. Tenn. L.R. 7.1. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. 7.2. Accordingly, the Court finds that the Motion to Stay could be granted based upon the Plaintiff's lack of opposition.

The Court also finds that the procedural posture of this case supports the Defendants' request to stay certain deadlines. The Defendants filed their Motion to Dismiss on April 29, 2014. The Plaintiff has not responded in opposition to the Motion to Dismiss, and her time for doing so has expired, see E.D. Tenn. L.R. 7.1. Thus, it appears that the Plaintiff concedes that this suit should be dismissed. See E.D. Tenn. L.R. 7.2.

Under these circumstances, the Court finds that it is appropriate to stay certain deadlines contained in the Scheduling Order. However, the undersigned will not modify all of the deadlines, because deadlines such as the trial date and the dispositive-motion deadline are based upon the District Judge's schedule.

Accordingly, the Motion to Stay Imposition of the Scheduling Order **[Doc. 16]** is **GRANTED IN PART** and **DENIED IN PART**. The deadline for completing a Rule 26(f) conference, the deadline for submitting a discovery plan, and the deadline for making initial disclosures are **STAYED** pending disposition of the Motion to Dismiss. By staying the deadline for the Rule 26(f) conference and the deadline for submitting a discovery plan, the Court has effectively stayed discovery in this matter. Should the District Judge deny the Motion to Dismiss [Doc. 11], the stay is **DEEMED LIFTED** upon entry of the District Judge's Memorandum Opinion and/or Order.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge