UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESEE
AT KNOXVILLE

Sue Ann Ellis,  )
    )
    *Plaintiff*,  )
    )
v.  )   Case No. 3:14-CV-140-PLR-CCS
    )
Morgan County Sheriff's Dept., *et al.*,  )
    )
    *Defendants*.  )

## Memorandum Opinion

This matter comes before the Court on the defendants' motion to dismiss [R. 11] and the plaintiff's motion to amend [R. 20]. For the reasons discussed below, the plaintiff's motion to amend will be denied, and the defendants' motion to dismiss will be granted.

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

With respect to motions to amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave should freely be given to amend a complaint when the interests of justice require. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . . futility of the amendment, etc. – then leave sought should, as the rules require, be 'freely given.'"). The denial of an opportunity to amend is within the discretion of the district court. *Id.* When the proposed amendment to the complaint would be futile, the court may deny the motion to amend. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). "Amendment of the complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2006).

The plaintiff filed her complaint on April 3, 2014 alleging violations of the Americans with Disabilities Act (the "ADA"). Her complaint did not indicate that she had exhausted her administrative remedies with the Equal Employment Opportunity Commission (the "EEOC"). Accordingly, the defendants filed a motion to dismiss. [R. 11]. In response, the plaintiff moved

to amend her complaint to attach an EEOC right to sue letter.  [R. 20].  The defendants oppose the plaintiff's motion to amend because the EEOC letter attached to the proposed amended complaint gives the plaintiff the right to sue under the Age Discrimination in Employment Act (the "ADEA")—*not* the Americans with Disabilities Act, which forms the basis of the plaintiff's complaint.

Prior to filing a lawsuit alleging discrimination due to a disability, a plaintiff must first file a Charge of Discrimination with the EEOC.  *See* 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13.  If the EEOC does not find enough proof to file a discrimination suit or if more than 180 days have passed since filing the EEOC Charge, the claimant may request that the EEOC issue a right to sue letter.  29 C.F.R. § 1601.19(a); 29 C.F.R. § 1601.28(a).

The Sixth Circuit has explained that the requirement that plaintiffs first exhaust their administrative remedies "is not meant to be overly rigid, nor should it 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'"  *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 732 (6th Cir. 2006) (*quoting EEOC v. McCall Printing Co.*, 633 F.2d 1232, 1235 (6th Cir. 1980)).  Accordingly, "EEOC complaints should be liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'"  *Id.*  (*quoting Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)).

Even liberally construing the plaintiff's EEOC right to sue letter, a claim under the Americans with Disabilities Act cannot reasonably be expected to grow out of a charge under the ADEA.  Accordingly, the EEOC letter attached to the plaintiff's proposed amended complaint still fails to establish that the plaintiff has exhausted her administrative remedies.  Because

3

amending the complaint as proposed would be futile, the plaintiff's motion to amend will be denied and the defendant's motion to dismiss will be granted.

Recognizing that the EEOC may have erroneously issued the right to sue letter, the Court ordered the plaintiff to provide a copy of the Charge of Discrimination she filed with the EEOC. The Charge clearly made claims under both the ADEA and the ADA. [R. 25]. Despite making claims under both statutes, the right to sue letter only gave the plaintiff the right to sue under the ADEA. It is unclear why the right to sue letter did not include claims under the ADA. Accordingly, the plaintiff's complaint will be dismissed *with leave to refile* should she clear up this issue with the EEOC and obtain an appropriate right to sue letter.

The plaintiff's motion to amend her complaint [R. 20] is **Denied**; and the defendants' motion to dismiss [R. 11] is **Granted**. The plaintiff's complaint is **Dismissed with leave to refile** upon the issuance of an appropriate right to sue letter under the ADA.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**